# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FCI, LTD., d/b/a Finished Castings, Inc., an Oklahoma Corporation, and BERRYLIUM ENTERPRISES, an Oklahoma corporation,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY OF AMERICA, A DOMESTIC COMPANY,<br><br>　　　　Defendant. | Case No. 12-CV-388-TCK-FHM |

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Remand ("Motion to Remand") (Doc. 12).

**I.    Factual Background**

Plaintiffs FCI Ltd. and Berrylium Corporation ("Plaintiffs") brought this action in the District Court for Rogers County, State of Oklahoma on February 29, 2012. In their original Petition, Plaintiffs brought a claim for breach of contract against Defendant The Travelers Indemnity Company of America ("Defendant"), alleging breach of contract and requesting damages in excess of $10,000. On April 13, 2002, Plaintiff filed a Motion to Amend Petition to add a claim for bad faith, which the court granted. Thereafter, Plaintiff filed an Amended Petition asserting a second cause of action for bad faith and requesting in excess of $100,000. The Amended Petition contains (1) a certificate of service stating that it was mailed on May 31, 2012; and (2) a Rogers County file-stamped date of June 4, 2012. On June 15, 2012, Defendant filed its Answer to the Amended Petition. On July 12, 2012, Defendants filed their Notice of Removal, stating that "[o]n June 14,

2012, Plaintiffs [] filed their Amended Petition, alleging damages in excess of $75,000 for the first time." (Not. of Removal ¶ 6.) On August 13, 2012, Plaintiffs filed their Motion to Remand, arguing that removal was untimely. Defendant responded by arguing that Plaintiffs waived any timeliness objection because their Motion to Remand was untimely filed.[1]

## II.     Timeliness of Motion to Remand

"A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Failure to raise a timely objection to a procedural defect in removal constitutes waiver. *See Archuleta v. Lacuesta*, 131 F.3d 1359, 1365 (10th Cir. 1997). Untimeliness of removal, the defect identified by Plaintiffs in the Motion to Remand, is procedural in nature and is therefore waived if not timely raised. *In re TXNB Internal Case*, 483 F.3d 292, 299 (5th Cir. 2007) ("Timeliness of removal is a procedural rather than a jurisdictional issue and, accordingly, may be waived by an untimely objection."). Thus, the Court must first resolve whether Plaintiffs timely objected to this procedural defect.

The Notice of Removal was filed in this Court on July 12, 2012, and Plaintiffs' Motion to Remand was filed on August 13, 2012. Federal Rule of Civil Procedure 6(a) provides:

> (a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
> (1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:
> (A) exclude the day of the event that triggers the period;
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

---

[1] The parties made other arguments, but the Court need only address these two arguments to resolve the Motion to Remand.

> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Following these statutory counting rules, Plaintiffs' Motion to Remand was timely filed. The thirtieth day fell on a Saturday, August 11, 2012. Therefore, the period ran until the end of the next Monday, which was August 13, 2012. Plaintiffs' objection to the timeliness of removal was timely raised on August 13, 2012.

### III.   Timeliness of Notice of Removal

A notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

For purposes of resolving the Motion to Remand, the Court assumes that Plaintiffs' Amended Petition seeking in excess of $100,000 was the first pleading, motion, order, or other paper from which Defendant could first ascertain that Plaintiffs sought in excess of the federal jurisdictional amount. Defendant filed its Notice of Removal on July 12, 2012. In order for removal to be timely, Defendant must have first received the Amended Petition no earlier than June 12, 2012.

All evidence before the Court indicates that Defendant first received the Amended Petition prior to June 12, 2012. Although the Notice of Removal states that Plaintiffs filed the Amended Petition on June 14, 2012 (which would render Defendant's removal timely), this was either a

significant error or an intentional misrepresentation. The Amended Petition was mailed to Defendant on May 31, 2012 and was filed by the Rogers County Court Clerk on June 4, 2012. This ten-day difference between the actual filing date and the filing date alleged in Defendant's Notice of Removal was explained by Plaintiffs in the Motion to Remand. Nonetheless, Defendant did not concede its error or otherwise attempt to explain this discrepancy.

The Court finds that Defendant first received notice of the Amended Petition well before June 12, 2012 based upon (1) the certificate of mailing dated May 31, 2012, and (2) the file-stamped copy dated June 4, 2012. Defendant has not presented any evidence to the contrary, other than its unsupported allegation in the Notice of Removal. It would be unreasonable for the Court to assume that Defendants first received notice of the Amended Petition on or after June 12, 2012, which is thirteen days after the mailing date and eight days after the filing date. Accordingly, Defendant's Notice of Removal was untimely under 28 U.S.C. § 1446(b)(1) and (3).

## IV.    Attorney's Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The standard for awarding fees turns on the reasonableness of removal. *Porter Trust v. Rural Water Sewer and Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (internal quotations omitted). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* (internal quotations omitted). "If objectively unreasonable, an untimely removal may give rise to an award of fees and costs under § 1447(c)." *Garrett v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011).

The Court finds that Defendant's untimely removal was objectively unreasonable under the circumstances presented. Defendant's Notice of Removal contained an incorrect filing date for the Amended Petition – the pleading upon which it based its right of removal under 28 U.S.C. § 1446(b)(3). When Plaintiffs presented evidence of the correct filing date and evidence that the pleading was mailed to Defendant well in advance of the alleged date, Defendant did not explain its original allegation in any manner or otherwise attempt to justify the untimeliness of its removal. Although the Court considered issuing a show-cause order under Federal Rule of Civil Procedure 11, the Court finds that a reasonable sanction would be similar to the fee award permitted by 28 U.S.C. § 1447(c). Accordingly, the Court orders Defendant to pay Plaintiffs' costs and attorney's fees pursuant to 28 U.S.C. § 1447(c).

## V.     Conclusion

Plaintiffs' Motion to Remand Action (Doc. 12) is GRANTED, and this action is REMANDED to the District Court for Rogers County, Oklahoma. Defendant is ordered to pay just costs and any actual expenses, including attorney fees, incurred as a result of the removal. Plaintiffs shall file a motion for costs and fees no later than January 11, 2013, and such motion shall be referred to Magistrate Judge Frank McCarthy.[2]

**DATED this 21st day of December, 2012.**

*/s/ Terence Kern*
**TERENCE KERN**
**United States District Judge**

---

[2] If supported by law, the Court intends for the fee award to include Plaintiffs' time spent preparing the Joint Status Report ordered by the Court on October 31, 2012.